**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Ruth Jones, | No. CV-23-00704-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On September 16, 2024, the court remanded this case to the Social Security Administration for further proceedings. (Doc. 21.) Shortly after that order, the court approved a stipulation between the parties that awarded plaintiff's counsel $8,400 in attorneys' fees under the Equal Access to Justice Act. (Doc. 24.) On remand, plaintiff obtained a fully favorable decision. (Doc. 26-1 at 3.) Plaintiff's counsel now seeks an award of $9,753.75 in attorneys' fees for representing plaintiff on a contingency basis. That amount is 25% of the past-due benefits. (Doc. 26-1 at 4.) According to counsel's billing records, she performed 35.5 hours of work, meaning the award sought represents an hourly fee of $274.75. (Doc. 26-3 at 2-3.)

The relevant statute allows the court to award counsel "a reasonable fee for [her] representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b). When an attorney files a request for fees under § 406(b), the court must "look[] first to the contingent-fee agreement, then test[] it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (simplified). There is no "definitive list of factors that

should be considered in determining whether a fee is reasonable or how those factors should be weighed." *Id.* at 1151. But the court's reasonableness inquiry may look to "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.*

Here, the agreement allows counsel to recover 25% of past-due benefits. (Doc. 26-2 at 2.) There is "no evidence of fraud or overreaching in the making of the 25% contingent-fee agreement[]," so the 25% permitted by the agreement is an appropriate starting point. *Id.* The only remaining issue is whether the amount the agreement contemplates is reasonable. There is no evidence of poor performance or delay by counsel. And counsel's effective hourly rate of $274.75 is reasonable based on the work performed and the risk that no benefits would be awarded.

**IT IS ORDERED** the Motion for Attorneys' Fees under 42 U.S.C. § 406(b) (Doc. 25) is **GRANTED** in the amount of $9,753.75. The fees are payable to plaintiff's counsel, Robin Larkin, Larkin & Fern, PLLC, and can be made by electronic fund transfer or by check.

**IT IS FURTHER ORDERED** plaintiff's counsel shall, after receipt of the above-awarded fee, refund to plaintiff all fees awarded under the Equal Access to Justice Act.

Dated this 30th day of April, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 2 -